IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL CANALES, Administrator of the Estate
of RITO CANALES, et al.,

      Plaintiffs,

      vs.                                                                                 No. CIV 99-1259 JC/RLP

WAYNE LARSEN, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant County of Bernalillo's (County) Motion to Dismiss Plaintiffs' Complaint with Prejudice, filed January 24, 2000 *(Doc. 26)*. The County requests that this Court dismiss Plaintiffs' Complaint to Recover Damages for Wrongful Death and Other Damages Resulting from Police Misconduct Under 42 U.S.C. § 1983 and Under the New Mexico Tort Claims Act, N.M.S.A § 41-4-1 et seq. (1978) (Complaint), filed November 1, 1999 *(Doc. 1)*, against the County with prejudice for failure to state a claim upon which relief can be granted and award it the costs and attorney fees incurred herein. In the alternative, the County requests that the Court stay these proceedings until the Court rules on the issue of the County's immunity. Plaintiffs in their response seek, in the alternative, that they be allowed to conduct discovery before the Court rules on this motion to dismiss.

**I.    Background**

Plaintiffs bring this action pursuant to FED. R. CIV. P. 60(b) because they believe that fraud was perpetrated upon the federal court in *Canales v. Larsen*, et al., CV 99199, filed January 29,

1973, and the state court in *Cordova v. City of Albuquerque*, CV 73-6488, filed January 24, 1973. Compl. at ¶¶ 11, 12 and 17. Plaintiffs allege that Defendants withheld evidence, falsified information, and lied in discovery, depositions, and at trial. *Id*. at ¶¶ 14 and 15. Plaintiffs also allege in Count I that their constitutional rights were violated when Defendants unlawfully caused the deaths of Rito Canales and Antonio Cordova in 1972. In Count II, Plaintiffs allege a right to recovery under 28 U.S.C. § 1331. In Count III, Plaintiffs seek damages under the New Mexico Tort Claims Act.

## II.     Conversion to Motion for Summary Judgment

A motion to dismiss such as this one can be treated as one for summary judgment when "matters outside the pleading are presented to and not excluded by the court. . . ." FED. R. CIV. P. 12(b). To convert a motion to dismiss into a summary judgment motion, Rule 12(b) also requires that "'the trial court [to] give the parties notice of the changed status of the motion and thereby provide the parties to the proceeding the opportunity to present to the court all material made pertinent to such motion by Rule 56.'" *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) (quoting *Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 585 F.2d 454, 457 (10th Cir. 1978)). Here, both parties presented to the Court evidence found outside the Complaint. Since I am not inclined to exclude that evidence from consideration, this Memorandum Opinion and Order will serve as notice to the parties that this motion to dismiss will be treated as a motion for summary judgment. Consequently, the Court will permit supplemental briefing on the converted motion for summary judgment.

## III.    Plaintiffs' Request for Additional Discovery

Plaintiffs ask that in the alternative to denying the motion to dismiss that the Court allow them to engage in discovery so that they can fully develop their contentions of conspiracy, collusion, and

fraud before ruling on the motion to dismiss, now a motion for summary judgment. A party seeking discovery to oppose a motion for summary judgment must file an affidavit pursuant to Rule 56(f) explaining with specificity how the discovery will enable him to rebut the lack of a genuine issue as to any material fact. *See Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993). Because Plaintiffs' current request for discovery does not comply with the Rule 56(f) affidavit requirement, their request for discovery is denied at this time.

**IV.     The County's Request to Stay Proceedings
         Pending Ruling on Immunity Issue**

The County bases its claim of immunity on the common law doctrine of sovereign immunity which existed in New Mexico prior to 1975. In *Hicks v. State*, 88 N.M. 588, 590, 592, 544 P.2d 1153, 1155, 1157 (1975), the New Mexico Supreme Court abolished common law sovereign immunity and held that common law sovereign immunity shall not apply to future cases. Since this present case was filed after 1975, common law sovereign immunity is not available to the County. Accordingly, there is no need to stay proceedings pending a ruling on the immunity issue.

Wherefore,

IT IS ORDERED that the Court's ruling on Defendant County of Bernalillo's (County) Motion to Dismiss Plaintiffs' Complaint with Prejudice, filed January 24, 2000 *(Doc. 26)*, is deferred until supplemental briefs, if any, are filed.

IT IS FURTHER ORDERED that any supplemental response brief shall be filed no later than 20 days from the entry of this Memorandum Opinion and Order, and any supplemental reply brief shall be filed no later than 40 days from the entry of this Memorandum Opinion and Order.

IT IS ALSO ORDERED that Plaintiffs' request for discovery is denied at this time, and the County's request to stay proceedings is likewise denied.

DATED this 18th day of February, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs:	Narciso Garcia, Jr.
	Garcia Law Offices
	Albuquerque, New Mexico

	Lauro D. Silva
	Albuquerque, New Mexico

Counsel for County:	Linda M. Matteucci
	Tito D. Chavez
	Bernalillo County Attorney's Office
	Albuquerque, New Mexico