# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DANIEL CANALES, Administrator of the Estate
of RITO CANALES, et al.,

      Plaintiffs,

      vs.                                                                        No. CIV 99-1259 JC/RLP

WAYNE LARSEN, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants City of Albuquerque and Wayne Larsen's (collectively the City Defendants)[1] Motion to Dismiss, filed February 24, 2000 *(Doc. 34)*. The City Defendants request that the Court dismiss Plaintiffs' claims with prejudice and award the City Defendants their attorney fees and costs incurred in defending this lawsuit.

**A.**    **Background**

This lawsuit is an independent action brought pursuant to FED. R. CIV. P. 60(b) as a result of fraud on the court. Complaint to Recover Damages for Wrongful Death and Other Damages Resulting from Police Misconduct Under 42 U.S.C. § 1983 and Under the New Mexico Tort Claims Act, N.M.S.A. § 41-4-1 et seq. (1978) (Complaint) at ¶ 11, filed Nov. 1, 1999 *(Doc. 1)*. It appears that Plaintiffs seek to set aside the judgments in two civil proceedings: 1) *Cordova v. City of*

---

[1] The other defendants in this case include R. Polo, B. Salazar, L. Urioste, T. Drennan, R. McNutt, A. Briggs, Santos Baca, Truman Woods, the County of Bernalillo, and the State of New Mexico. Defendants Urioste, Drennan, McNutt, and Briggs were employed by the New Mexico State Police; Defendants Baca and Woods were employed by the Bernalillo County Sheriff's Department; and Defendants Larsen, Polo, and Salazar were employed by the Albuquerque Police Department.

*Albuquerque*, CV 73-6488, filed in New Mexico state district court; and 2) *Canales v. Larsen*, CV 9919, filed in the federal district court for the district of New Mexico. *Id*. at ¶¶ 12, 13. Plaintiffs claim that the following facts were falsified in both of the underlying cases:

    a.    That Tim Chapa was a paid police informant with the New Mexico State police.

    b.    That Tim Chapa conspired with the State Police, the Albuquerque Police Department, and the Bernalillo County Sheriff's Office to kill Rito Canales and Antonio Cordova.

*Id*. at ¶¶ 19, 20. Plaintiffs specifically allege that "the individual Defendants conspired to commit fraud on the court by withholding evidence from the Plaintiffs and from the court in the discovery engaged in those proceedings and at trial." *Id*. at ¶ 14. Plaintiffs also allege that "the individual Defendants carried out the conspiracy by falsifying information and lying in discovery, depositions, and at trial." *Id*. at ¶ 15.

The City Defendants argue that Plaintiffs' claims should be dismissed with prejudice for several reasons. First, the City Defendants contend that the facts alleged by Plaintiffs are insufficient to support an independent action for fraud on the court. Second, the City Defendants contend that because Plaintiffs cannot demonstrate a meritorious claim, they fail to meet a prerequisite for relief from a final judgment. Finally, the City Defendants contend that Plaintiffs' unexplained twenty-six year delay in bringing this action is unreasonable and contrary to the basic concept of finality of judgments.

**B.**     **Standard of Review for Motion to Dismiss**

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Moreover, in passing on a motion to dismiss, the allegations of the complaint must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). "It is well-established, however, that in determining whether to grant a motion to dismiss, the district court . . . [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (citing *Doyle v. Oklahoma Bar Ass'n,* 998 F.2d 1559, 1566 (10th Cir. 1993)).

**C.   Discussion**

(1)  An Independent Action for Fraud on the Court

The City Defendants argue first that Plaintiffs have not alleged sufficient facts to maintain an independent action for fraud on the court under Rule 60(b). "A Rule 60(b) motion is addressed to the sound discretion of the trial court, and the burden of establishing fraud is on the [plaintiff]," *Wilkin v. Sunbeam Corp.*, 466 F.2d 714, 717 (10th Cir. 1972), *cert. denied*, 409 U.S. 1126 (1973) (citations omitted). The plaintiff must show "by clear and convincing evidence that there was fraud on the court, and all doubts must be resolved in favor of the finality of the judgment." *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985), *cert. denied*, 474 U.S. 1086 (1986). The plaintiff must also show that he or she "would have had a good claim or defense in the main action." *Wilkin*, 466 F.2d at 717 (citation omitted).

> The Tenth Circuit has defined fraud on the court as follows:
>
> Fraud on the court (other than fraud as to jurisdiction) is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. It has been held that allegations of nondisclosure in pretrial discovery will not support an action for fraud on the court. It is thus fraud where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function--thus where the impartial functions of the court have been directly corrupted.

*Bulloch*, 763 F.2d at 1121 (citations omitted). The Tenth Circuit further explained the doctrine of fraud on the court in *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259 (10th Cir. 1995), *cert. denied*, 516 U.S. 1045 (1996):

> Any request to set aside a judgment must be viewed in light of a fundamental principle of the finality of duly entered judgments: namely, where a reasonable opportunity has been afforded to the parties to litigate a claim before a court having jurisdiction, and the court has finally decided the controversy, the interests of the public and of the parties require that the validity of the claim and any issue actually litigated in the action shall not be litigated again by them. One long-recognized exception to the general rule of finality is where a judgment was based on a claim that the party obtaining the judgment knew it to be fraudulent. Historically, this exception was said to apply, however, only when the fraud was so successful that the other party was not even aware that he had a possibility of a claim or defense. By contrast, relief was not available--even in the case of an erroneous and inequitable judgment--on the sole ground that the judgment was obtained by perjured testimony or that the complainant failed to maintain his action because of a non-fraudulent misrepresentation as to the facts by the other party.

56 F.3d at 1265-66 (citations omitted). Because the consequences are severe, fraud on the court is tightly construed. *Weese v. Schukman*, 98 F.3d 542, 553 (10th Cir. 1996). "'Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court.'" *Id.* at 552-53 (quoting *Rozier v. Ford Motor Co*, 573 F.2d 1332, 1338 (5th Cir.1978)).

The City Defendants argue that Plaintiffs do not have a fraud on the court claim because they were afforded an opportunity in the underlying cases to impeach the police officers and Tim Chapa as well as to present their theory of conspiracy. In fact, the state district court in *Cordova v. City of Albuquerque*, 86 N.M. 697, 702-03, 526 P.2d 1290, 1295-96 (Ct. App. 1974), had before it the issue of whether Tim Chapa was a police informant who conspired with the police to cause the deaths of Cordova and Canales. The state district court also had before it an affidavit by Edward M. Barton,

a retired police officer from Utah, which concluded that there was a conspiracy between Tim Chapa and the police. *Id.* Clearly, the alleged fraud in this case was not so successful that Plaintiffs were unaware of a theory of police conspiracy involving Tim Chapa. The fraud on the court doctrine does not apply in such a situation. *See Robinson*, 56 F.3d at 1265.

Plaintiffs argue, however, that Rule 60(b) nonetheless allows relief from judgment by an independent action to prevent a "grave miscarriage of justice." Plaintiffs erroneously cite to *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984)*,* and *United States v. Beggerly*, 524 U.S. 38, 47 (1998), to support their position. First, *Bell* is distinguishable from this case because it involved statute of limitations issues, not issues concerning Rule 60(b) relief from judgment based upon fraud on the court. 746 F.2d at 1228-1231. Second, although *Beggerly* holds that a "grave miscarriage of justice" standard generally applies to independent actions brought under Rule 60(b), *Beggerly* fails to address how that standard affects the more particularized independent actions based upon fraud on the court. The "grave miscarriage of justice" standard is a heightened and narrow one which the Tenth Circuit has already incorporated in its fraud on the court standard. Plaintiffs' "grave miscarriage of justice" argument is unconvincing.

The City Defendants further argue that Plaintiffs have not stated a fraud on the court claim because they do not assert that an officer of the court, a member of the jury, or a judge was involved in the alleged fraud. Plaintiffs argue without relevant authority that law enforcement officers are officers of the court for fraud on the court purposes. The Court notes that two circuit courts did not find fraud on the court where police officers were alleged to have perpetrated the fraud. *Greiner v. City of Champlin*, 152 F.3d 787 (8th Cir. 1998); *Gleason v. Jandrucko*, 860 F.2d 556 (2d Cir. 1988). The police officers in those cases were treated like any other defendant or witness. Moreover, there

is no authority for the proposition that police officers are the equivalent of officers of the court for fraud on the court purposes. I, therefore, find that Plaintiffs have failed to allege that an officer of the court such as an attorney, a juror, or judge were involved in any way in committing a fraud on the court in this matter. Without such an allegation, Plaintiffs have failed to state a claim for fraud on the court.

Even so, Plaintiffs maintain that they have stated a valid fraud on the court claim since a "politically motivated police assassination and cover up is also a matter of public concern, meriting the extraordinary relief requested by Plaintiffs." Resp. to City Defs.' Mot. to Dismiss at 6, filed Feb. 24, 2000 *(Doc. 36)*. Plaintiffs cite to *Hazel-Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238 (1944), *overruled on other grounds by Standard Oil Co. of California v. United States*, 429 U.S. 17, 18 n.2 (1976), as support for this assertion. However, *Hazel-Atlas Glass Co.* is distinguishable from this case. In *Hazel-Atlas Glass Co.*, an attorney, an officer of the court, prepared a spurious publication in "a deliberately planned and carefully executed scheme to defraud not only the Patent Office but the Circuit Court of Appeals." *Id*. at 245. *Hazel-Atlas Glass Co.*, therefore, fails to support Plaintiffs' contention that the facts of this particular case constitute a fraud on the court based on public concern grounds.

(2) Meritorious Claim

As stated *supra*, Rule 60(b) also requires that Plaintiffs demonstrate a good or meritorious claim in the main or underlying action. The City Defendants argue that Plaintiffs have not shown that they have a meritorious claim based on alleged excessive force by the Defendant law enforcement officers. Plaintiffs do not dispute that at the time of the incident at issue Cordova and Canales were armed and in the process of breaking into a dynamite storage bunker to steal dynamite. *Cordova*, 86

N.M. at 700, 526 P.2d at 1293. Although Plaintiffs' complaint is silent as to whether Cordova fired upon the police before he was shot by the police, Plaintiffs nonetheless do not dispute that Cordova shot at the police first. *Id.*; Complaint at ¶ 27. The Complaint, however, alleges that Canales fled after police shot Cordova and that Canales did not shoot at the police before he was shot to death. *Id.* at ¶¶ 27, 30.

The law at the time the two underlying civil proceedings were filed indicated that "'[a]n officer may use force likely to result in death only in case it appears reasonably necessary to do so to effect an arrest or prevent an escape.'" *Alaniz v. Funk*, 69 N.M. 164, 166-67, 364 P.2d 1033, 1034 (1961) (quoting *Stinnett v. Commonwealth of Virginia*, 55 F.2d 644, 646 (4th Cir. 1932)). Here, it is undisputed that Cordova and Canales were armed and in the act of committing felonies in the presence of police officers. *Cordova*, 86 N.M. at 700, 526 P.2d at 1293. Plaintiffs do not dispute that Cordova shot at police officers while Canales attempted to flee the scene. Considering these circumstances, the police officers could have reasonably used deadly force to try to effect an arrest and prevent an escape. Accordingly, I find that Plaintiffs do not have a meritorious claim for excessive force, a requirement for a Rule 60(b) independent action. In sum, Plaintiffs have not shown by clear and convincing evidence that a fraud on the court was committed.

    (3) The Twenty-Six Year Delay

The City Defendants finally contend that this motion to dismiss should be granted because of the length of delay in bringing this lawsuit, namely twenty-six years. The City Defendants note that the whereabouts of some of the individual defendants are not known, the transcript of the prior federal court jury trial is unavailable, memories have faded, and physical evidence has since been destroyed. *See, e.g., Bulloch v. United States*, 763 F.2d 1115, 1120-21 (10th Cir. 1985). These

factors certainly favor the preclusion of this lawsuit. Furthermore, as discussed *supra*, Plaintiffs have failed to show by clear and convincing evidence that there was fraud on the court. For these reasons, I find that all doubts must be resolved in favor of the finality of the two underlying judgments. The City Defendants' motion to dismiss is, therefore, well taken and will be granted in that respect.

Since the issue of fraud on the court is equally applicable to all of the Defendants in this case, it would be a waste of the both the Court and the parties' resources to re-address the fraud on the court claim as to each Defendant or group of Defendants. With that in mind, I find that there is no Rule 60(b) basis to bring this lawsuit at all. Consequently, the entire lawsuit will be dismissed with prejudice as to all Defendants.

(4) Attorney Fees and Costs

The City Defendants also request that they be awarded the attorney fees and costs incurred in defending this lawsuit. Having considered the request for attorney fees and costs, I find that such a request is not warranted. Accordingly, I will deny the City Defendants' request.

Wherefore,

IT IS ORDERED that City Defendants' Motion to Dismiss, filed February 24, 2000 *(Doc. 34)*, is granted in part, and this entire cause is dismissed with prejudice as to all Defendants.

IT IS FURTHER ORDERED that the City Defendants' request for attorney fees and costs is denied.

DATED this 10th day of April, 2000.

*/s/ John Edwards Conway*
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs:

>	Narciso Garcia, Jr.
>	Garcia Law Offices
>	Albuquerque, New Mexico

>	Lauro D. Silva
>	Albuquerque, New Mexico

Counsel for City Defendants:

>	Richard A. Sandoval
>	Assistant City Attorney
>	City of Albuquerque
>	Albuquerque, New Mexico